IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

        Plaintiff,                     No. 2:09-cv-03098 JAM DAD

    v.

TIEN PURSER,                       FINDINGS AND RECOMMENDATIONS

        Defendant.

_____/

This matter came before the court on November 18, 2011, for hearing on plaintiff's motion for default judgment. (Doc. No. 15.) Attorney Scott N. Johnson appeared on his own behalf. No appearance was made on behalf of the defendant. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted.

**PROCEDURAL BACKGROUND**

Plaintiff Scott Johnson initiated this action on November 6, 2009, by filing a complaint and paying the required filing fee. (Doc. No. 1.) On June 3, 2011, plaintiff filed an amended complaint. (Am. Compl. (Doc. No. 9.)) Therein, plaintiff alleges claims for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq., and the California Unruh Civil Rights Act, California Civil Code §§ 51 and 52. (Id. at 11, 17.) Plaintiff's amended complaint seeks damages,

costs of suit including attorney fees (if incurred) and injunctive relief.  Despite being served with process, defendant Tien Purser has failed to appear in this action.  (Doc. No. 11.)  Pursuant to plaintiff's request, the Clerk of the Court entered default against defendant on September 6, 2011.[1]  (Doc. No. 13.)  Plaintiff filed the motion for default judgment now pending before the court on October 13, 2011, noticing it to be heard before the undersigned on November 18, 2011, pursuant to Local Rule 302(c)(19).  (MDJ (Doc. No. 15.))  Despite being served with all papers filed in connection with the motion, there was no opposition filed nor appearance made on behalf of defendant.[2]  (MDJ (Doc. No. 15) at 6.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing.  See Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages,

---

[1] Defendant failed to appear after being served with the original complaint and pursuant to plaintiff's request the Clerk of the Court entered default against defendant on the original complaint.  (Doc. Nos. 5-7.)  As noted above, however, plaintiff subsequently filed an amended complaint.

[2] While the defendant in this case was served by plaintiff with the motion for entry of default judgment, such service generally is not required.  See Fed. R. Civ. P. 55(b)(2) (requiring that written notice of an application for default judgment be served upon the party against whom judgment is sought only if that party "has appeared in the action"); Local Rule 135(d) (excusing parties from serving documents submitted to the court upon "parties held in default for failure to appear"); see also Wilson v. Moore & Associates, Inc., 564 F.2d 366, 368-69 (9th Cir. 1977) ("No party in default is entitled to 55(b)(2) notice unless he has 'appeared' in the action.  The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court.  In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit.").  Out of an abundance of caution, plaintiff served the pending motion on the defendant.

however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion, see Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

According to the amended complaint, plaintiff has physical impairments of quadriplegia and is a person "with a disability" and a "physically handicapped person" under the ADA.  (Am. Compl. (Doc. No. 9) at 2.[3])  Plaintiff requires the use of a wheelchair, a "Service Animal," a full-size van with hand-controls and a wheelchair lift.  (Id.)  Fill N Save is a convenience store/gas station with a parking lot at 300 El Camino Ave in Sacramento, California.  (Id. at 3.)  Defendant Tien Purser owns the property and operates, manages, leases or leases out the public accommodation located at that address.  (Id.)  The property does not have the correct number and type of properly configured parking spaces, including a van-accessible disabled parking space, an accessible route of travel or an accessible entrance.  (Id.)  In this regard, plaintiff requires a door with compliant width and closing speeds, and accessibility signage and striping.  (Id. at 4.)

In a letter dated June 30, 2008, mailed to the public accommodation and addressed to the landlord/business operator, plaintiff informed defendant of the architectural barriers and the lack of

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

accessibility and requested the property be brought into conformity with the law within ninety days. (Id.) Plaintiff sent a second letter on October 23, 2008. (Id.) Defendant did not respond to either. (Id. at 4-5.) On or about October 27, 2009, plaintiff attempted to patronize defendant's businesses but was unable to enjoy full and equal access to the goods and services of those public accommodations due to the architectural barriers he encountered. (Id. at 5.) Plaintiff avers that over the course of the year preceding the filing of his amended complaint he made a total of two actual visits to the property, encountering the same architectural barriers, and was required to forego two additional visits to the property in light of those still-existing barriers. (Id.)

In his amended complaint, plaintiff alleges causes of action under Title III of the ADA and California Civil Code §§ 51 and 52. He seeks injunctive relief requiring defendants to remove the architectural barriers and provide disabled access to the public accommodations located on the property, damages for each of his visits and foregone visits to the public accommodation pursuant to California Civil Code § 52, and reasonable attorney fees (if incurred) and costs. (Id. at 20-21.)

Weighing the factors outlined in Eitel v. McCool, 782 F.2d at 1471-72, the undersigned has determined that default judgment against the defendant is appropriate. Defendant has made no showing that defendant's failure to respond to the complaint is due to excusable neglect. There is no reason to doubt the merits of plaintiff's substantive claims, nor is there any apparent possibility of a dispute concerning the material facts underlying the action. Through the instant motion, plaintiff seeks straightforward injunctive relief and a relatively small award of damages in the amount of $4,000 for each of two actual visits to the property at which time he encountered the architectural barriers in question for a total damages award of $8,000.[4] Plaintiff's complaint is also sufficient. Because each of

---

[4] In his complaint plaintiff also sought the award of reasonable attorney fees, if incurred, and costs of suit. However, in the pending motion for default judgment plaintiff states that he is not seeking either attorney fees or costs. (MDJ (Doc. No. 15) at 5.) Moreover, in his motion for default judgment plaintiff states that based upon the alleged two actual visits and two foregone visits to the property, statutory damages under California Civil Code § 52(a) in the amount of $16,000 were available but that he is electing to seek a judgment only in the amount of $8,000. (Id. at 4.)

these factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be granted. See Johnson v. Derylo, No. CIV 11-2335 MCE CKD, 2012 WL 1458116, at *1 (E.D. Cal. Apr. 26, 2012) (recommending grant of default judgment in factually similar matter); Johnson v. Henson, No. CIV S-09-2286 KJM EFB, 2011 WL 5118594, at *1-*5 (E.D. Cal. Oct. 27, 2011) (same); Johnson v. Huynh, No. CIV S-08-1189 JAM DAD, 2009 WL 2777021, at *1-*3 (E.D. Cal. Aug. 27, 2009) (same).

After determining that entry of default judgment is warranted, this court must next determine the terms of the judgment. Consistent with the allegations and prayer in the complaint, plaintiff seeks the installation of a van-accessible disabled parking space, with an accessible path of travel to an accessible main entrance and accessibility signage and striping in compliance with the Americans With Disabilities Act of 1990 (ADA) and the Americans With Disabilities Act Accessibility Guidelines (ADAAG). Plaintiff is entitled to the requested injunctive relief. See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA -- only injunctive relief is available for violations of Title III."). Plaintiff also is entitled to the requested total of $8,000 in damages under his state law cause of action based upon his two actual encounters with the unlawful architectural barriers. See Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination.") (emphasis added).

Accordingly, the undersigned will recommend that the district court grant plaintiff's motion for default judgment as requested.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 13, 2011 motion for default judgment (Doc. No. 15) be granted;

2. The district court enter the default judgment of defendant Tien Purser in favor of plaintiff;

5

3. Defendant Tien Purser be directed to install at the subject property a van-accessible disabled parking space, with an accessible path of travel to an accessible main entrance and accessibility signage and striping in compliance with the Americans With Disabilities Act of 1990 (ADA) and the Americans With Disabilities Act Accessibility Guidelines (ADAAG);

4. Defendant Tien Purser be directed to pay plaintiff damages in the amount of $8,000; and

5. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 23, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\johnson3098.default.judg.f&rs